UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
ALI FRAY,

        Movant,

- against -

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 11-CV-6135 (FB)

*Appearances:*
*For the Movant:*
ALI FRAY, *pro se*
# 75895-053
FCI Otisville
P.O. Box 1000
Otisville, New York 11201

*For the Respondent:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By MELISSA MARRUS, ESQ.
Assistant United States Attorney

**BLOCK, Senior District Judge:**

      Ali Fray is currently in custody pursuant to the Court's judgment sentencing him after he pleaded guilty to violations of 18 U.S.C. §§ 1951(a) and 924(c). Fray now moves to vacate the judgment pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

**I**

      Fray was originally charged with a single count of being a felon in possession

of a firearm on February 9, 2008. The indictment was later superseded to add four more counts. Count One charged a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and Count Two charged use of a firearm during that robbery, in violation of 18 U.S.C. § 924(c); both counts involved an attempted drug sale to an undercover officer on June 17, 2005. Counts Three (attempted heroin distribution) and Four (use of a firearm in connection with a drug crime) involved a separate attempted drug sale on June 21, 2006. The original felon-in-possession charge was renumbered as Count Five.

The parties later entered into a plea agreement under which Fray agreed to plead guilty to Counts One and Two in satisfaction of all charges. At a proceeding before Magistrate Judge Levy, Fray set forth the factual basis for his guilty plea:

> Someone came up to me and asked me to buy narcotics, I took their money and I did not give them what they asked for and I pointed the gun at their head.

Tr. of June 24, 2009, at 19. With assistance from his attorney, Jeremy Orden, he elaborated:

> Orden: Maybe I can just clarify something and tell me if I'm correct . . . . The person who you've indicated was an undercover police officer who came up to you wanted to buy narcotics; correct?
>
> Fray: Correct.
>
> Orden: Did he give you money first?

2

Fray: Yes.

Orden: With the understanding that in exchange for him giving you the money you would give him narcotics?

Fray: Yes.

Orden: Did you give him the narcotics?

Fray: No.

Orden: Did he say something when he did not receive the narcotics?

Fray: Not at the time, no.

Orden: Did you do something after receiving the money and not giving him the narcotics?

Fray: Yes, I showed him a gun. Yes.

* * *

Orden: Well, after you pointed the gun at him what did he do?

Fray: He walked away.

Orden: Was that your intention when you pulled out the gun?

Fray: To make him walk away; yes.

The Court: Without getting the money back or drugs in exchange for the money?

Fray: Correct.

3

*Id*. at 19-22. Magistrate Judge Levy recommended accepting the plea, which the Court did. Fray was then sentenced to a below-Guidelines sentence of 20 months on Count One and a mandatory consecutive sentence of 84 months on Count Two. Fray did not appeal.

## II

Fray's § 2255 motion raises three claims. The Court addresses each in turn.

### A. Ineffective Assistance

First, Fray argues that his trial counsel provided ineffective assistance by failing to investigate potential defenses to Counts One and Two. With respect to Count One, he argues that there was no robbery because the undercover officer voluntary gave him the money. With respect to Count Two, he argues that the gun he held to the undercover officer's head was actually a toy.

The Court need not linger over the merits of these foregone defenses because Fray must also prove that he suffered prejudice due to his attorney's allegedly deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, prejudice is "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

4

Fray cannot show prejudice. Had his counsel validated the proffered defenses, Fray would not have been able to allocute to the necessary elements of the offenses. The ensuing trial would have been on all five counts. The record reflects strong evidence of Fray's guilt on all counts, and no apparent defenses to Counts Three, Four and Five. A conviction on the § 924(c) charges alone (Counts Two and Four) would have carried a mandatory sentence of 32 years *consecutive* to the sentence on the other counts. The plea agreement, by contrast, contemplated a Guidelines range of 135 and 147 months. There is simply no reasonable probability that Fray would have rejected the plea offer in those circumstances.

**B. Prosecutorial Misconduct**

Fray next claims that Counts One through Four of the superseding indictment were based on evidence that the government knew or should have known was false. The record does not bear out this argument.

With respect to Counts One and Two, the evidence Fray cites—including an arrest report, property invoice, and criminal complaint—reveal at most some inconsistencies as to the type and operability of the firearm Fray held to the undercover officer's head. Although those inconsistencies provided powerful impeachment material for the cross-examination of the officers involved, it hardly constitutes false evidence. With respect to Counts Three and Four, the government

5

proffered at sentencing evidence that two witnesses had seen Fray shoot someone in the hand during a drug sale.

"[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). To overcome this presumption of prosecutorial discretion, a defendant must offer evidence of discrimination on some impermissible basis, *see id.*, or an actual vindictive motion, *see United States v. Koh*, 199 F.3d 632, 640 (2d Cir. 1999).

Fray offers neither. Instead, he argues that Counts One through Four were added as retribution for his refusal to plead guilty to the felon-in-possession charge. But the mere filing of additional charges after the rejection of a plea offer does not constitute evidence of vindictiveness: "Just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." *United States v. Goodwin*, 457 U.S. 368, 381-82 (1982).

## C. Jurisdiction

Finally, Fray argues that the Court lacked jurisdiction over Count Two. Because the firearm was actually a toy gun, the argument goes, the government could not show an effect on interstate commerce.

"In order to invoke a district court's jurisdiction, an indictment need only allege that a defendant committed a federal criminal offense at a stated time and place in terms plainly tracking the language of the relevant statute." *United States v. Rubin*, 743 F.3d 31, 39 (2d Cir. 2014). That was done here. To the extent that Fray means to argue that the government could not plead or prove an effect on interstate commerce, that is simply because such an effect is not an element of the offense defined by § 924(c). *See United States v. Melville*, 309 F. Supp. 774, 775 (S.D.N.Y. 1970) ("It is crystal clear . . . that Congress intended to make the use of a destructive bomb to commit a federal felony a crime irrespective of any nexus between the bomb and interstate or foreign commerce."); *cf. United States v. Walker*, 142 F.3d 103, 111 (2d Cir. 1998) (reaffirming constitutionality of § 924(c) despite lack of jurisdictional element because statute "regulates an economic activity that substantially affects interstate commerce and, as such, is a valid exercise of Congressional power under the Commerce Clause").

## III

For the foregoing reasons, Fray's § 2255 motion is denied.  Because he has failed to make a substantial showing of a violation of his constitutional rights, a certificate of appealability will not issue.

**SO ORDERED.**

                                             /S/ Frederic Block
                                             FREDERIC BLOCK
                                             Senior United States District Judge

Brooklyn, New York
September 30, 2014